Dear Ms. Jones:
You requested an Attorney General's opinion regarding the use of proceeds of a one cent sales tax that was passed in 1979. You advised that the tax proceeds were dedicated first and foremost for the operation and maintenance of the parish jail facility, as the construction cost have been paid off. You indicated that in the past, the surplus funds have been used to totally fund a solid waste program for the parish. However, for the year 2005 the surplus funds have been absorbed by other uses, including the operation and maintenance of the parish jail, the roads in the parish and the buildings that the Police Jury are responsible for. Your question is whether the parish must continue the solid waste program.
The proposition at issue, as it was voted on by the people of the parish, provides:
 "Shall a tax of one per cent be imposed and levied upon the sale at retail, the use and lease or rental, the consumption of tangible personal property and on sale of services in Red River Parish, Louisiana, as defined in LRS 47:301 through 47:317; with proceeds therefrom to be dedicated only for the following:
 Necessary Capital outlays for construction and operation and maintenance expenses associated with a Parish Jail facility, with any surplus proceeds therefrom to be utilized for Capital outlay and operation and maintenance expenses associated with the Parish Highway System, the Parish Garbage Collection and Disposal System, and other parish owned buildings and properties, and; necessary administration expenses related to the collection and disbursement of such proceeds."
The use of the proceeds of a sales tax adopted at an election in the State of Louisiana is dictated solely by the proposition approved by the voters. R.S. 33:2723; R.S. 33:2714; R.S. 39:704; Attorney General Opinion Nos. 02-365, 01-269, 98-421, 98-287, 96-246, 95-145, 94-540, 94-346, 93-424, 93-47 and 92-50. From the information you supplied, the proposition at issue does not contain any direction as to the allocation of the surplus proceeds among the permissible uses of such surplus. The allocation should therefore be determined by the Police Jury in their discretion so long as the use is in accordance with the proposition approved by the electorate. Attorney General Opinion Nos. 01-269, 91-83. InState ex rel. Rathe v. Jefferson Parish School Board,206 La. 317, 19 So.2d 153 (1943), the Supreme Court said:
 "There is nothing more firmly established in law than the principle that, within the limits of their authority, the power and discretion of legally created governing boards is supreme. Their wisdom or good judgment cannot be questioned by the courts. Members of these boards are appointed or elected because of their peculiar fitness for the post. . . A presumption of legality and regularity attaches to the action of all government boards. It is only when it is clearly shown that the action of such a board is beyond its authority or is arbitrary, unreasonable, or fraudulent that a court is justified in interfering."
In Louisiana Association of Educators v. St. Tammany Parish SchoolBoard, 430 So.2d 1144 (La.App. 1st Cir. 1983) the plaintiffs attempted to compel a school board to allocate sales tax proceeds in the same percentage as had been suggested in information and advertisements circulated prior to the election. The court determined that where the tax proposition did not contain a specific allocation, it was within the discretion of the school board to determine how to allocate the proceeds of the tax.
The purposes for which the proceeds at issue may be used include Capital outlay and operation and maintenance expenses associated with the Parish Highway System, the Parish Garbage Collection and Disposal System, and other parish owned buildings and properties, and necessary administration expenses related to the collection and disbursement of such proceeds. Accordingly, the Police Jury could, but is not required to, use the sales tax proceeds for a solid waste program for the parish. To answer your question of whether the Police Jury is required to spend money on the solid waste program, it is the opinion of our office that they are not required to do so. The Police Jury can allocate the "surplus" funds at their discretion, so long as the funds are used in accordance with the proposition approved by the electorate. In accord is Attorney General Opinion No. 02-365.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ________________________
 KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/mjb